UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

   - against -

DAVID B. BLASZCZAK, CHRISTOPHER M.
WORRALL, THEODORE J. HUBER, and JORDAN B.
FOGEL,

                Defendants.

———————————————————————x

: **ECF CASE**
:
: 17 Civ. 3919 (AJN)
:
: **ORAL ARGUMENT REQUESTED**

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S APPLICATION FOR A PARTIAL STAY OF DISCOVERY

Jamie A. Levitt
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000

*Counsel for Defendant David Blaszczak*

Barry H. Berke
Dani R. James
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Counsel for Defendant Theodore Huber*

Stephen Fishbein
John A. Nathanson
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

*Counsel for Defendant Christopher Worrall*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ........................................................................................................................... 4

      A.     Applicable Legal Standards .................................................................... 4

      B.     The Balance of Interests Weighs Heavily Against a Stay ..................................... 7

            1.     The USAO Has Not Demonstrated that the Public Interest Warrants a Stay of Discovery of the Witness Materials in the SEC's Files........................................................................................... 8

            2.     The Defendants Will Be Prejudiced If the SEC's Production of Witness Materials is Stayed Until After the Conclusion of the Criminal Trial............................................................................. 12

            3.     The Court's Interest Weighs Strongly in Favor of Denying the Motion.......................................................................................... 14

CONCLUSION...................................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Citibank v. Hakim*,
No. 92 Civ. 6233 (MBM), 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993)..........................5 n.2

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012)...................................................................................4, 5

*SEC v. Adondakis*,
No. 12 Civ. 409 (HB), 2012 WL 10817377 (S.D.N.Y. May 21, 2012)...................................6

*SEC v. Archer*,
No. 16 Civ. 3505 (WHP) (S.D.N.Y. Aug. 10, 2016)............................................5 n.2, 8, 9, 11

*SEC v. Block*,
No. 16 Civ. 7003 (LGS) (S.D.N.Y. Nov. 1, 2016) ...............................................................11

*SEC v. Chakrapani*,
Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819 (S.D.N.Y.
June 29, 2010)................................................................................................6 & n.3

*SEC v. Cioffi*,
No. 08 Civ. 2457 (FB), 2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008)....................................8

*SEC v. Conradt*,
No. 12 Civ. 8676 (JSR) (S.D.N.Y. Jan. 30, 2013).......................................................7, 9, 10

*SEC v. Cuti*,
No. 08 Civ. 8648 (JGK) (S.D.N.Y. Jan. 20, 2009) ...............................................................12

*SEC v. Gupta*,
No. 11 Civ 7566 (JSR), 2011 WL 5977579 (S.D.N.Y. Nov. 30, 2011) ...............................4, 6

*SEC v. Jones*,
No. 04 Civ. 4385 (RWS), 2005 WL 2837462 (S.D.N.Y. Oct. 28, 2005)...............................12

*SEC v. Oakford Corp.*,
181 F.R.D. 269 (S.D.N.Y. 1998) ......................................................................10, 15

*SEC v. Saad*,
229 F.R.D. 90 (S.D.N.Y. 2005) ...................................................................................11

*SEC v. Saad*,
384 F. Supp. 2d 692 (S.D.N.Y. 2005)...........................................................................4

*SEC v. Sandifur*,
No. C05-1631C, 2006 WL 3692611 (W.D. Wash. Dec. 11, 2006).....................................8, 12

*SEC v. Steinberg*,
No. 13 Civ. 2082 (S.D.N.Y. June 28, 2013) ...............................................................5, 6

*SEC v. Stephanou*,
No. 09 Civ. 1043 (RJS) (S.D.N.Y. July 23, 2010)....................................... 6 & n.3, 9

*SEC v. Treadway*,
No. 04 Civ. 3464 (VM), 2005 WL 713826 (S.D.N.Y. Mar. 30, 2005) .................................12

*SEC v. Tuzman*,
No. 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016).......................................7, 8, 11

*SEC v. Vitesse Semiconductor Corp.*,
No. 10 Civ. 9239 (JSR) (S.D.N.Y. Apr. 29, 2011) ...................................................7

*SEC v. Walters*,
No. 16 Civ. 3722 (LLS) (S.D.N.Y. Aug. 26, 2016)........................................... 5, 11, 14 & n.6

*Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
886 F. Supp. 1134 (S.D.N.Y. 1995).......................................................................4, 5

*United States v. All Funds on Deposit*,
767 F. Supp. 36 (E.D.N.Y. 1991) ......................................................................8

*United States v. Dansker*,
537 F.2d 40 (3d Cir. 1976),
*abrogated on other grounds by Griffin v. United States*, 502 U.S. 46 (1991)..........................9

*United States v. FINRA*,
607 F. Supp. 2d 391 (E.D.N.Y. 2009) .................................................................10

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*,
811 F. Supp. 802 (E.D.N.Y. 1992) .....................................................................10

**Other Authorities**

18 U.S.C. § 3500 ..................................................................................................................9

Fed. R. Civ. P. Rule 1 ........................................................................................................14

Fed. R. Civ. P. Rule 26 ...............................................................................................3, 10 n.4, 11

Fed. R. Civ. P. Rule 45 ......................................................................................................13

Fed. R. Crim. P. Rule 26.2 .............................................................................................10 n.4

Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201 (1989) ........................4

## PRELIMINARY STATEMENT

On behalf of defendants David Blaszczak, Christopher Worrall and Theodore Huber, we respectfully submit this memorandum of law in opposition to the motion by the United States Attorney's Office for the Southern District of New York ("the USAO"), as intervenor, for a partial stay.[1]  While we do not believe the facts or the law support the stay of *any* discovery in this case, the defendants are not opposing the USAO's request for a stay of depositions, interrogatories, requests for admissions and disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(1).  Instead, we contest here only the USAO's request that the Court stay the Securities and Exchange Commission's ("SEC") production of "transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government certifies may be called as a witness in the criminal action" (*see* USAO Br. at 2) (referred to as "witness materials").  The USAO has not and cannot proffer any compelling justification for staying this particular aspect of document discovery, which is presumably why the USAO has not even sought to challenge the production of this type of material in many recent cases (none of which is cited in the government's brief) in which the USAO sought only a stay of deposition testimony and interrogatories.  Instead, the USAO relies on an argument about asymmetrical discovery – which is wholly inapposite since the defendants are not opposing the government's request to stay depositions – and the claim that a partial stay is warranted to prevent the defendants from circumventing the rules of criminal discovery.  But it is not the defendants who are trying to circumvent the rules that apply in this or any other proceeding.  Rather, it is the USAO that is trying to circumvent the Rules of Civil Procedure to maintain a

---

[1] On August 8, 2017, the Court approved a settlement between the SEC and defendant Jordan Fogel.  (Dkt. No. 26).

perceived tactical advantage in the criminal case.  This Court should not countenance the USAO's gamesmanship.  None of the witness materials the SEC compiled during its pre-suit discovery is covered by the Jencks Act, 18 U.S.C. § 3500.  And unlike the circumstances giving rise to this Court's decision in *SEC v. Tuzman*, on which the USAO heavily relies, here there is no specific, credible allegation that the production of these materials would lead to perjury, manufactured evidence, or witness intimidation.  Instead, as we set forth below, on the facts of this case, the interests of the parties, the public and the Court all warrant the denial of the extraordinary relief the USAO seeks and the complete production of the SEC's pre-suit discovery materials as required by the Rules of Civil Procedure.

## BACKGROUND

On May 24, 2017, the SEC filed and the USAO unsealed novel civil and criminal charges against the defendants.  Unlike nearly every other insider trading case we are aware of, the defendants here are not alleged to have tipped and traded on insider corporate information.  Rather, they are charged with trading on *government agency* information.  Accordingly, while the SEC's complaint charges violations of the federal securities laws, the criminal indictment also includes charges of theft of government property and conspiracy to obstruct governmental functions.  These novel charges have received considerable press attention.  *See* Brody Mullins & Susan Pulliam, *U.S. Charges Four With Trading Insider Tips on Health-Care Policy*, Wall St. J., May 24, 2017 ("The charges represent the first against an individual in Washington's so-called political intelligence practice"), *available at* https://www.wsj.com/articles/insider-trading-case-cites-alleged-health-funding-tips-1495647260.  *See also* Alexandra Stevenson & Matthew Goldstein, *Insider-Trading Case Ensnares Hedge Fund*, N.Y. Times, May 24, 2017, *available at* https://www.nytimes.com/2017/05/24/business/dealbook/five-accused-of-trading-illegally-on-health-policy-leaks.html.

During the investigation that preceded the simultaneous case filings, the USAO and SEC closely coordinated their respective investigations, and the two agencies even thanked one another for their mutual assistance in their highly publicized press releases.  Press Release, U.S. Attorney's Office for the Southern District of New York, *Four Charged In Scheme To Commit Insider Trading Based on Confidential Government Information* (May 24, 2017), *available at* https://www.justice.gov/usao-sdny/pr/four-charged-scheme-commit-insider-trading-based-confidential-government-information; Press Release, U.S. Securities & Exchange Commission, *SEC Files Charges in Trading Scheme Involving Confidential Government Information* (May 24, 2017), *available at* https://www.sec.gov/news/press-release/2017-109.

The criminal case against the defendants is scheduled to begin before Judge Kaplan on April 9, 2018 and will likely last a number of weeks.  In this civil case, all of the defendants have filed answers to the Complaint (*see* Dkt. Nos. 23, 25, 34) and, having already conducted a Rule 26(f) conference with the SEC, are ready to proceed expeditiously with discovery in the eight months before the criminal trial begins.  The defendants are not opposing the USAO's request for a stay of depositions, interrogatories, requests for admissions and disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), but we need and are entitled to the SEC's pre-suit discovery materials in order to meaningfully conduct document discovery over the next eight months.  The USAO's sweeping request to block the SEC's "production of transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government certifies may be called as a witness in the criminal action" (*see* USAO Notice of Motion; USAO Br. at 2) is not supported by the Federal Rules of Civil Procedure, the

Jencks Act, the factual circumstances present here, the well-established law in this district or even the other government agency involved, the SEC, which takes no position.

## ARGUMENT

### A.      Applicable Legal Standards

A stay of civil discovery until the conclusion of a related criminal proceeding is an "extraordinary remedy" a court should grant only upon a movant's demonstration of undue prejudice and necessity.  *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-98 (2d Cir. 2012) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997) and *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003)).  In SEC actions such as this one, it is presumed that "discovery and other proceedings . . . ought to proceed in the normal course, notwithstanding the happenstance that some of the discovery also relates to a parallel criminal matter."  *SEC v. Gupta*, No. 11 Civ. 7566 (JSR), 2011 WL 5977579, at *1 (S.D.N.Y. Nov. 30, 2011) (quoting *SEC v. Saad*, 384 F. Supp. 2d 692, 693 (S.D.N.Y. 2005)); s*ee also* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 209 (1990) ("[T]here is a strong presumption in favor of discovery that any party – the Government no less than any other litigant – must overcome if it seeks to withhold production or depositions.").

In determining whether to grant an intervenor's motion to stay proceedings in a case brought by the SEC, courts in this District frequently employ a "six-factor balancing test" first laid out by then district court judge Chin in *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1339 (S.D.N.Y. 1995):

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in the proceeding expeditiously weighted against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*See Louis Vuitton*, 676 F.3d at 99.  As the Second Circuit has cautioned, however, these factors cannot be applied like  "a mechanical device[]."  *Id*.  What the court must do in circumstances like these is conduct a case-specific inquiry and decide whether a "stay would work a hardship, inequity, or injustice to a party, the public or the court."  *Id.*[2]

In numerous recent cases in this district – virtually all of which the USAO ignores in its motion – judges have analyzed the case-specific facts and circumstances, weighed the competing interests and permitted discovery in an SEC enforcement action to go forward notwithstanding a pending parallel criminal case.  In fact, based on our collective experience litigating these issues over the last few years, we have seen that defendants are routinely granted full access to the SEC's pre-suit discovery materials, including the SEC's notes, memoranda and transcripts of interviews.  Indeed, in many cases in which we have been involved, the USAO did not even challenge the production of these witness materials, which constitute the only category of discovery at issue in this case.

- In *SEC v. Walters*, for example, where the USAO sought a full stay of discovery in light of the defendant's anticipated invocation of his Fifth Amendment privilege not to be compelled to be a witness against himself, the court flatly denied the USAO's motion, stating, "This action will proceed in the usual fashion," and agreeing to revisit the issue if and only when it appeared "that either side [was] gaining an unfair

---

[2] The first two factors are merely threshold inquiries.  Without a substantial overlap between the issues in the civil and criminal cases, there is simply no basis for a stay of the civil proceeding, and "stays will generally not be granted before an indictment is issued." *Pipefitters*, 886 F. Supp. at 1139; *see also Citibank v. Hakim*, No. 92 Civ. 6233 (MBM), 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993) (quoted in *Pipefitters*, 886 F. Supp. at 1139) ("pre-indictment motion to stay can be denied *on this ground alone*") (emphasis added); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992) ("As a preliminary matter, since Avellino has yet to be indicted by any grand jury, his motion to stay may be denied on that ground alone.").  As Judge Pauley recognized in *Archer*, the overlap between the cases and the status of the criminal case merely serve to clear the way for the court to consider "the primary issue" of whether a stay "accounts for the interests of the parties, the [c]ourt and the public."  *SEC v. Archer*, 16 Civ. 3505 (WHP) (S.D.N.Y. Aug. 10, 2016), Order at 3 (Ex. C to USAO Br.).

or abusive advantage" as a result of the defendant's refusal to provide testimony.  No. 16 Civ. 3722 (LLS) (S.D.N.Y. Aug. 26, 2016), ECF No. 61.  (Berke Decl. Ex. A).

- The court similarly rejected the USAO's application for a partial stay in *SEC v. Steinberg*, where the USAO did not even seek to stay the SEC's production of pre-suit discovery materials.  No. 13 Civ. 2082 (HB) (S.D.N.Y. June 28, 2013), ECF No. 21.  (Berke Decl. Ex. B).  In fact, not only did the *Steinberg* court allow fulsome document discovery to proceed, it also permitted the defendant to take the depositions of parties other than "government cooperators who [would] be called as witnesses in the criminal trial[.]"  *See id.*, (S.D.N.Y. Aug. 20, 2013), ECF No. 26.  (Berke Decl. Ex. C).

- In *SEC v. Adondakis*, the USAO only moved to stay deposition and interrogatory discovery.  The court ruled that document discovery remained "in full force and effect" and even allowed the depositions of witnesses to whom the government had no objection.  No. 12 Civ. 409 (HB), 2012 WL 10817377, at *1 (S.D.N.Y. May 21, 2012).

- And in *SEC v. Gupta*, the USAO did not move to stay discovery of the SEC's pre-suit discovery materials and in fact agreed to provide the defendants with "some or all of the testimony taken by the SEC in its preparation for the instant case."  No. 11 Civ. 7566 (JSR), 2011 WL 5977579, at *1 (S.D.N.Y. Nov. 30, 2011).  Nevertheless, and over the USAO's objection, the *Gupta* court allowed seven depositions to proceed in the civil case, including the deposition of a critical government witness whom the USAO expected to, and later did, call to testify at trial.  *Id.*

      Our experience in these cases is not unique.  In many other cases in this district

(also ignored by the USAO in its brief), courts have reached the same studied conclusion that

defendants should not be denied access to the SEC's pre-suit discovery materials pending the

outcome of the related criminal trial:

- In *SEC v. Chakrapani*, the court observed that "I don't think 3500 or anything else requires that where there's an independent civil action, discovery shouldn't be made available as would normally be the case."  *See* Conference Tr., *SEC v. Stephanou*, No. 09 Civ. 1043 (RJS) (S.D.N.Y. July 23, 2010) (Berke Decl. Ex. D) at 30-31.[3]

---

[3] In *Chakrapani*, the USAO initially sought a stay only of discovery "directed at" a cooperator and all discovery "directed at determining the investigative steps taken" by the prosecutors.  *See SEC v. Chakrapani*, Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819, at *10 (S.D.N.Y. June 29, 2010).  The court denied this request.  *See id.*  The USAO later renewed its motion to stay discovery "regarding [the cooperator's statements]," which the court again denied. *Id.*  The court later revisited this decision and stayed all depositions but allowed document discovery to continue.  Tr. at 30-31, *SEC v. Stephanou*, (Berke Decl. Ex. D).

- In *SEC v. Vitesse Semiconductor Corp.*, the government did not seek to stay document discovery, including of the materials the SEC compiled during its investigation.  While the court stayed the depositions of the defendants and cooperators, it allowed all other depositions to proceed.  *See* Conference Tr., *SEC v. Vitesse Semiconductor Corp.*, No. 10 Civ. 9239 (JSR) (S.D.N.Y. Apr. 29, 2011) (Berke Decl. Ex. E ) at 7, 10.

- In *SEC v. Conradt*, the USAO did not seek a stay of any document discovery by the SEC.  Rather, the USAO sought only a stay of interrogatories and depositions of witnesses the government was likely to call during the criminal trial and interrogatories, which was denied except with respect to the deposition of the defendants and the USAO's cooperating witnesses.  *See* Conference Tr., *SEC v. Conradt*, No. 12 Civ. 8676 (JSR) (S.D.N.Y. Jan. 30, 2013) (Berke Decl. Ex. F) at 4, 9-10, 13.

This is not to say there are not some cases in which courts have found that a partial or even a full stay of discovery was warranted.  We are obviously familiar with this Court's decision in *SEC v. Tuzman*, No. 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016), and the other cases cited in the USAO's brief.  But the *Tuzman* and other decisions relied upon by the government are easily distinguished, as discussed below, and there can be no serious dispute that stays are disfavored under the law and should only be granted when the *specific* facts of the case and the *particularized* interests of the parties and the public warrant such extraordinary relief.

B.     **The Balance of Interests Weighs Heavily Against a Stay**

Despite the requirement of a particularized, case-specific analysis of the burdens and benefits of a proposed stay, the USAO relies on nothing more than generalities, speculation and inapposite argument to try to meet its burden of justifying a stay of the production of any witness materials from the SEC pre-suit discovery files.  The USAO's contentions are plainly insufficient to support a stay that would significantly prejudice the defendants' ability to defend themselves and prolong and exacerbate the damaging impact of this lawsuit on their lives and livelihoods.

1.     The USAO Has Not Demonstrated that the Public Interest Warrants a Stay of Discovery of the Witness Materials in the SEC's Files

Although the government contends that a stay is warranted because of the "public" interest in "ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery . . . that preserve the truth-seeking functions of the criminal process" (USAO Br. 15), nothing in the USAO's discussion is tethered to the circumstances of this case. *See, e.g.*, *SEC v. Cioffi,* No. 08 Civ. 2457 (FB) (VVP), 2008 WL 4693320, at *2 (E.D.N.Y. Oct. 23, 2008) ("Without specific discovery requests and specific objections before it, the Court simply cannot evaluate the validity and strengths of the government's concerns. . . ."). Instead, the USAO merely makes conclusory allegations of potential abuse and anticipated dangers, which are insufficient to justify a stay of civil proceedings. *See, e.g.*, *United States v. All Funds on Deposit,* 767 F. Supp. 36, 42 (E.D.N.Y 1991) ("[M]erely conclusory allegations of potential abuse or simply the opportunity by the claimant to improperly exploit civil discovery . . . will not avail on a motion for a stay[.]"); *SEC v. Sandifur*, No. C05-1631C, 2006 WL 3692611, at *3 (W.D. Wash. Dec. 11, 2006) (finding government's bare assertion that allowing deposition in SEC case will lead to confusion and misunderstanding failed to show prejudice to government).

For this reason, the government's reliance on *Tuzman* and *Archer* is woefully misplaced. In both of those cases, the government made a specific showing of likely witness intimidation if civil discovery was not stayed. In *Tuzman,* as this Court is aware, the USAO "cite[d] two emails and numerous interviews where potential witnesses in the criminal case [ ] reported fears of violence and intimidation from Tuzman, including at least two reports of threatened physical violence in the past." Order at 5, *Tuzman* (citation and internal quotation marks omitted) (Ex. A to USAO Br.). And in *Archer*, the court was persuaded to grant a partial

- 8 -

stay based in part on the fact that, in a separate criminal case, one of the *Archer* defendants had

sent threatening text messages to a potential government witness.  Order at 4, *Archer*.  Such

considerations are not, nor even claimed to be, at issue here.

    Moreover, it is not the defendants who are seeking to circumvent the procedural

rules in this or any other case.  Rather, it is the USAO that is trying to distort the Rules of

Criminal Procedure to circumvent the application of the Rules of Civil Procedure to maintain a

perceived tactical advantage in the criminal case.  Contrary to the USAO's suggestion, whatever

witness materials are in the SEC's files do not fall within the purview of the Jencks Act, 18

U.S.C. § 3500.  *See* USAO Br. at 15 ("[18 U.S.C. § 3500] provides that in criminal cases, the

statements of Government witnesses – such as witness testimony taken by the SEC – shall not be

'subject of subpoena discovery, or inspection until said witness has testified on direct

examination.").  By its terms, Section 3500 applies only in a "criminal prosecution *brought by

the United States*" as to a "statement or report *in the possession of the United States* which was

made by a Government witness . . . ."  18 U.S.C. § 3500 (emphases added).  The SEC, which of

course does not bring criminal cases, simply is not covered by the statute.  *See United States v.

Dansker*, 537 F.2d 40, 61 (3d Cir. 1976) ("In speaking of statements 'in the possession of the

United States', we understand the statute to require production only of statements possessed by

the prosecutorial arm of the federal government."), *abrogated on other grounds by Griffin v.

United States*, 502 U.S. 46 (1991); Conference Tr., *SEC v. Stephanou*, No. 09 Civ. 1043 (RJS)

(S.D.N.Y. July 23, 2010) (Berke Decl. Ex. D) at 30-31 ("I don't think 3500 or anything else

requires that where there's an independent civil action, discovery shouldn't be made available as

would normally be the case.").  *Cf.* Conference Tr., *SEC v. Conradt*, No. 12 Civ. 8676 (JSR)

(S.D.N.Y. Jan. 30, 2013), at 5:7-8 ("The criminal discovery rules have nothing to do with this

matter.  This is a civil matter.") (Berke Decl. Ex. F).   Absent any particularized evidence of harm – which is wholly lacking here – the fact that the USAO may lose an information advantage is no basis for granting a stay in this case.  *See SEC v. Oakford Corp.*, 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998) ("[T]here is no cognizable harm to the government in providing such discovery beyond its tactical desire to maintain a tactical advantage."); Conference Tr., *SEC v. Conradt*, No. 12 Civ. 8676 (JSR) (S.D.N.Y. Jan. 30, 2013), at 8:3-10 ("What you are really complaining about is, correct me if I'm wrong, that there is an advantage that the government gets in a criminal case because of the limited discovery available in a criminal case, that it would not have the advantage of in the civil case because of the broad discovery available in the civil case. And so the government loses a tactical advantage. So what? Why should that be a concern to the Court?") (Berke Decl. Ex. F); *United States v. FINRA*, 607 F. Supp. 2d 391, 394 (E.D.N.Y. 2009) ("Th[e] loss of the government's usual tactical advantage is insufficient to justify [a stay].").[4]

The government's purported concern about the unfairness of potentially asymmetrical discovery is similarly unavailing.  (*See* USAO Br. at 17-18).[5]  Although we believe we have valid grounds to do so, the defendants are not opposing the USAO's request for a stay of depositions, interrogatories and requests for admission.  Accordingly, unlike the situation in

---

[4] And it is clear that, even within the confines of criminal procedure, there is nothing inviolable about the government's ability to hide all of a witness' prior statements until shortly before trial. For instance, Rule 26.2 of the Federal Rules of Criminal Procedure provides that prior witness statements will be made available not only prior to cross-examination at trial, but also at a Rule 12 suppression hearing or Rule 5.1 probable cause hearing, both of which typically come at the outset of a case and well before any trial.  *See* Fed. R. Crim. P. 26.2(a), (g).

[5] Notably, while the USAO argues that the prospect of asymmetrical discovery would be unfair to the SEC (*see* USAO Br. at 18), the SEC, which is perfectly capable of protecting its own interests, has taken no position on the USAO's application.  While the USAO argues the SEC's stance is evidence that the agency would not be prejudiced by any stay, what the SEC's failure to join the USAO's application actually reveals is that the stay is not necessary to protect the agency's interests in this proceeding.

*Tuzman*, *Archer* and *Block*, here there can be no concern that the defendants will invoke their Fifth Amendment right not to be compelled to be witnesses against themselves while at the same time taking depositions from others.  *Compare* Order at 4-5, *Tuzman* ("The possibility of 'asymmetrical discovery' is apparent from Tuzman's surreply, which asks the Court to deny the Government's motion to stay, but to stay Tuzman's deposition. . . .  Based on Tuzman's filings, the Court finds it highly likely Tuzman would invoke his Fifth Amendment right . . . ."); Order at 4-5, *Archer* (recognizing similar Fifth Amendment concern); Conference Tr., *SEC v. Block*, No. 16 Civ. 7003 (LGS) (S.D.N.Y. Nov. 1, 2016), at 10:22-25 ("I note that Mr. Block apparently intends to invoke his own rights against self-incrimination, and so this would be in some sense one-sided discovery as it pertains to witnesses.") (Ex. B to USAO Br.).   The defendants are only seeking here access to the materials that formed the basis of the SEC's Complaint.  There is nothing  "improper[]," USAO Br. at 16, or "unfair," *id.* at 18, about them doing so.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring a party, "without awaiting a discovery request," to produce "all documents . . . that the disclosing party . . . may use to support its claims and defenses, unless the use would be solely for impeachment").  Having made the decision to coordinate with the SEC and bring a criminal action alongside this civil case, the USAO cannot now feign surprise by or unfairness from the consequences of that decision.  *See* Order, *Walters* at 1 (denying stay; "The [USAO] finds itself in a foreseeable position due to circumstances within its control."); *Saad*, 229 F.R.D. at 91 ("[I]t is strange[] . . . that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously.").  As Judge Koeltl put the point: "If the government chooses this path, it is responsible for bringing the situation upon itself and must accept the necessary

costs of that choice."  Argument Tr., *SEC v. Cuti*, No. 08 Civ. 8648 (JGK) (S.D.N.Y. Jan. 20, 2009), at 58:2-5 (Berke Decl. Ex. G).

> 2. <u>The Defendants Will Be Prejudiced If the SEC's Production of Witness Materials is Stayed Until After the Conclusion of the Criminal Trial</u>

While the USAO has failed to articulate any prejudice that will befall the public, the SEC or the USAO if the SEC complies with its obligations to produce witness materials in this case, the prejudice to the defendants from any stay of that obligation is palpable.  This action has placed a heavy burden on the defendants.  While the damage to a defendant's reputation and credibility is no doubt considerable in any case alleging violations of the federal securities laws, the damage is all the more significant here, where the USAO has gone so far as to suggest that the defendants threatened  "the integrity of . . . our government institutions."  Press Release, USAO (May 24, 2017).  These attacks on the defendants' reputation and credibility have already caused substantial damage to the defendants' professional standing.  Both Messrs. Huber and Worrall have been placed on leave by their respective employers, and Mr. Blaczsak, who is self-employed, can no longer make a living as a consultant.  In the face of these circumstances, the defendants unquestionably have a paramount interest in fighting these charges without unnecessary delay.  *See SEC v. Jones*, No. 04 Civ. 4385 (RWS), 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) (denying government's request for a stay and noting that, where a defendant's "reputation and credibility have been called into question" and the "pendency of [the] litigation continues to cloud his future career and personal life," the defendant "deserves a timely opportunity to clear his name"); *see also Sandifur*, 2006 WL 3692611 at *3 (explaining that because "the United States worked directly with the SEC and voluntarily chose to institute both civil and criminal actions at the same time . . . [they] are now facing very serious civil charges and they have a strong interest in a timely resolution"); *SEC v. Treadway*, No. 04 Civ.

3464 (VM) (JCF), 2005 WL 713826, at *3 (S.D.N.Y. Mar. 30, 2005) (acknowledging that defendants "plainly have an important interest in moving to trial swiftly . . . since the pendency of this litigation is an economic burden on them and a cloud on their careers and their personal lives").

Although the USAO appears to dismiss this concern by arguing that any stay would be "finite and relatively short in nature" in light of the pending trial date (USAO Br. at 8), what the USAO fails to appreciate, or studiously ignores, is the impact that the stay would have on the timing and scope of document discovery, which the USAO concedes can and should move forward during the pendency of the criminal case.  In our experience, the SEC routinely produces all of its pre-suit discovery, including the witness materials at issue here, in its initial production to defendants.  Armed with that information, defendants are able to identify corporate and individual witnesses from whom they may need critical documents and other materials to prepare the necessary subpoenas under Rule 45 and defend the case.  As this Court is no doubt aware, the production of documents by third parties in civil cases can be delayed for months (particularly where, as here, government agencies are involved), as the subpoenaing party and third party negotiate objections to subpoenas and when necessary seek court intervention to resolve disputes.  If the defendants are hamstrung in their ability to get that process started now by a stay of the production of a crucial component of the SEC's pre-suit discovery file until the conclusion of the criminal case, the delay engendered by such a stay could extend substantially beyond the criminal case.  With the reputational stakes and economic consequences of this pending action so high, the defendants should not be asked to postpone their effort to clear their names simply to preserve the USAO's perceived tactical advantage in the criminal case.

- 13 -

Delaying discovery of the witness materials also threatens the defendants' ability to collect and preserve the evidence they need to defend this action.  While the USAO contends that is not a significant concern because the defendants have received Rule 16 discovery in the criminal case and, under the USAO's proposal, purportedly "standard" document discovery will proceed in this case (USAO Br. at 14), the fact remains that without the full content of the SEC's pre-suit discovery file, the defendants simply cannot know what if any additional documentary evidence they need to preserve in order to defend the case.  And with the passage of time, there will be documents, information, data and other materials needed for the defense that are no longer available because they were not preserved or were otherwise misplaced or destroyed.  *See* Order at 2, *Walters* (Berke Decl. Ex. A) ("As time passes, memories fade and documents become unavailable.").  Indeed, the passage of time would provide an unwarranted tactical advantage to the SEC, which has already conducted a years-long investigation and gathered the documents and testimony it believes are necessary to support its case, while the defendants have not yet had that opportunity, which only further weighs against the proposed stay.[6]

3.     The Court's Interest Weighs Strongly in Favor of Denying the Motion

The Court's interest in the "just, speedy and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1) also counsels against a partial stay in this case.  As we set forth above, the resolution of this case will undoubtedly be delayed significantly beyond the conclusion of the criminal trial if the defendants are forced to wait eight months to receive the SEC's disclosures and can only then begin to meaningfully plan their discovery strategy.

---

[6] The delay in production will also prejudice defendants by subjecting them to increased legal expenses.  Efficiencies are compromised when work on the criminal and civil proceedings must be performed sequentially, rather than in parallel.  *See* Order at 2, *Walters* (Berke Decl. Ex. A) (the cost of a defense "will increase if [defendant's] counsel cannot work on both cases in parallel.")

- 14 -

Moreover, given the deliberate choice by the two arms of the government to file their cases against the defendants simultaneously, we respectfully submit that the Court also has an interest in not allowing the USAO to frustrate the intent of the Federal Rules of Civil Procedure out of a fear that it has mislaid its tactical advantage, and not enabling the SEC to file serious charges it has no intention of pursuing.  *See Oakford*, 181 F.R.D. at 273 ("To use the federal courts as a forum for filing serious civil accusations that one has no intention of pursuing until a parallel criminal case is completed is a misuse of the processes of these courts.").  Where, as here, the USAO has failed to put forth any case-specific arguments in support of its application for a stay, the Court should be particularly wary of rewarding these tactics.

## CONCLUSION

For all of the foregoing reasons, the USAO's application should be denied in part. The Court should not stay the SEC's production of transcripts of any testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government certifies may be called as a witness in the criminal action.

Dated: New York, New York
        September 8, 2017

                                        Respectfully submitted,


By: /s/_____              By: /s/_____
    Jamie A. Levitt                       Stephen Fishbein
                                          John A. Nathanson

MORRISON & FOERSTER LLP              SHEARMAN & STERLING LLP
250 West 55th Street                 599 Lexington Avenue
New York, New York 10019             New York, New York 10022
(212) 468-8000                       (212) 848-4000

*Counsel for Defendant David Blaszczak*   *Counsel for Defendant Christopher Worrall*


By: /s/_____
    Barry H. Berke
    Dani R. James

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Counsel for Defendant Theodore Huber*

KL3 3138078.1