UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff,<br><br>–v–<br><br>David B. Blaszczak et al.,<br><br>Defendants. | 17-cv-3919 (AJN)<br><br>MEMORANDUM<br>OPINION & ORDER |

ALISON J. NATHAN, District Judge:

The Securities and Exchange Commission ("SEC") initiated this action against David B. Blaszczak, Christopher M. Worrall, and Theodore J. Huber alleging civil violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") on May 24, 2017.[1] *See* Complaint, Dkt. No. 1. Also on May 24, 2017, the U.S. Attorney's Office for the Southern District of New York filed a criminal indictment against Defendants Blaszczak, Worrall, and Huber.[2] *See United States v. Blaszczak et al.* ("Criminal Case"), No. 17-cr-0357, Dkt. No. 1. On August 22, 2017, the Government filed a motion to intervene in this civil case and partially stay the matter (by staying certain discovery) until the conclusion of the Criminal Case. *See* Motion, Dkt. No. 31. The parties consent to the Government's intervention and the staying of some discovery but oppose staying the production of the SEC's "witness materials" pending the resolution of the Criminal Case. *See* Joint Memorandum of Law in

---

[1] The SEC's action also brought claims against Jordan B. Fogel, but the parties reached a settlement and the judgment as to Defendant Fogel was executed prior to the filing of the instant motion. *See* Consent of Jordan B. Fogel, Dkt. No. 24; Judgment as to Defendant Jordan B. Fogel, Dkt. No. 26.

[2] The Government's indictment also charges crimes against Robert Olan, who is not a party in this civil action.

1

Opposition to the Motion ("Opp."), Dkt. No. 37, at 2-4. For the reasons articulated below, the Government's motion is granted in full.

## I. Motion to Intervene

Under Federal Rule of Civil Procedure 24(a)(2), the court must allow a party to intervene if it "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). In this case, all parties consent to the Government's intervention, *see* Memo. in Support of Motion ("Support"), Dkt. No. 32, at 2, and the Court concludes that it must grant the motion because the Government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter," *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1998); *see also SEC v. Downe*, No. 92-cv-4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact.").

## II. Motion to Partially Stay Discovery

### A. Legal Standard

"A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). The district court's power to do so "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 96 (quoting *Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of this Circuit consider six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 99 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The Second Circuit has recognized, however, that this multifactor test, "no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercises its discretion." *Id.* The party seeking a stay "bears the burden of establishing its need." *Id.* at 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

**B. Discussion**

The Court concludes that the Government has met its burden of establishing the need to partially stay discovery in this civil matter pending resolution of the Criminal Case.

The first factor – the overlap of issues between the criminal and civil cases – counsels in favor of a partial stay. As both parties recognize, the civil and criminal cases arise from the same facts and involve nearly identical issues. Support at 11-12; Opp. at 2-3. Because there is "a substantial overlap between the civil and criminal proceedings," this factor "weighs in favor of a stay." Transcript of Nov. 1, 2016 Proceedings ("*Block* Order"), *SEC v. Block*, No. 16-cv-7003 (LGS), Dkt. No. 41, at 8.

The second factor – the status of the criminal case – also weighs in favor of a partial stay. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted" in the criminal case because "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."

3

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139. Here, the Defendants were indicted on May 24, 2017 – the same day on which the civil complaint was filed by the SEC. Moreover, trial in the Criminal Case is scheduled to begin on April 9, 2018. Support at 8; Transcript of June 12, 2017 Proceeding, Criminal Case Dkt. No. 58, at 15. As a result, the civil case will not be prolonged an unreasonable amount of time. *See Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1140 (holding in May of 1995 that "the Criminal Case should be completed by the end of this year, which would not unreasonably prolong this case").

The third factor – the burden to the Plaintiff – does not weigh for or against a partial stay. This factor "is neutral if the SEC does not oppose the government's motion." *Block* Order at 9; *see also SEC v. Treadway*, No. 04-cv-3464 (VM) (JCF), 2005 WL 713826, at *3 (S.D.N.Y. Mar. 30, 2005) (stating that where the SEC does not take a position on a Government motion for a stay, it "has not articulated an interest that requires consideration"). The SEC has taken no position on the Government's request for a partial stay in this case, and the Court thus need not consider its interests. Support at 2; Opp. at 10 n.5.

The fourth factor – the burden to the Defendants – counsels against granting a partial stay, but the Court concludes that the burden on Defendants in this case will not be great. Defendants identify three ways in which a partial stay of discovery in the civil action will be injurious to them: it will delay the Defendants' attempt to clear their names, a delay could result in the loss of evidence, and it will subject the Defendants to increased legal expenses. The Court recognizes that these are legitimate concerns. Defendants first aver that they have suffered harm to their "reputation[s] and credibility" as a result of the SEC's charges against them, which "have already caused substantial damage to the defendants' professional standing." Opp. at 12. Courts in this district have recognized that a defendant has an interest in "clear[ing] his name . . . in a

4

timely manner – not just when it is most convenient for the government." *Block* Order at 9; *see also, e.g., SEC v. Archer*, No. 16-cv-3505 (WHP), 2016 WL 4371303, at *2 (S.D.N.Y. Aug. 10, 2016) ("Defendant Devon Archer argues that . . . further delay will prevent him from defending himself, and harm his professional career in the meantime. . . . These are serious concerns."). Defendants second express concern that if they wait until the end of the Criminal Case to seek the full contents of the SEC's pre-suit discovery file, "there will be documents, information, data and other materials needed for the defense that are no longer available because they were not preserved or were otherwise misplaced or destroyed." Opp. at 14. Courts have recognized the possibility that a stay could hinder a defendant's collection of evidence because "[a]s time passes, memories fade and documents become unavailable." Order ("*Walters* Order"), *SEC v. Walters et al.*, No. 16-cv-3722 (LLS), Dkt. No. 61, at 2; *Block* Order at 9. Finally, the Defendants state that partially staying discovery will "subject[] them to increased legal expenses." Opp. at 14 n.6. This, too, has been recognized by courts as a burden on defendants. *See, e.g., Walters* Order at 2 ("Mr. Walters is funding his defense personally. The cost of doing so will increase if his counsel cannot work on both cases in parallel."); *Treadway*, 2005 WL 713826, at *3 ("The defendants . . . plainly have an important interest in moving to trial swiftly in this case, since the pendency of this litigation is an economic burden on them . . . .").

However, while the Court recognizes that the Defendants will be burdened to some degree if the Government's motion is granted, there are reasons to believe that the burden will be particularly light in this case. First, the stay sought by the Government is only a partial stay of discovery. *See* Motion at 1. As a result, the Defendants' "ability to defend [themselves] in this action is not foreclosed in its entirety," and they are "free to take discovery on other information that the SEC has collected to date" that does not relate to individuals likely to be called as

witnesses in the Criminal Case. *Archer*, 2016 WL 4371303, at *2 (approving identical partial stay of discovery). Defense counsel can continue to advance their clients' interest in clearing any damage to their reputations and can even complete much of the work preparing the civil and criminal actions in parallel if they choose to do so in an effort to reduce costs for the Defendants. Second, the trial in the Criminal Case is scheduled to begin less than six months from the date of this Order. Defense counsel will likely be focused on preparing for the upcoming criminal trial and would not devote significant attention to civil discovery even absent a stay. *See id.* ("Moreover, it seems implausible to this Court that Archer and the objecting co-defendants could resolve this case prior to the conclusion of the criminal action."). A partial stay will thus not meaningfully delay resolution of this case. Finally, the criminal trial will mitigate the risk of unavailable evidence. As this Court has reasoned previously, "witnesses' statements are likely preserved in interview notes and will further be memorialized in the form of trial testimony to which [Defendants] will have access after the conclusion of criminal proceedings." Order ("*Tuzman* Order"), *SEC v. Tuzman*, No. 15-cv-7057 (AJN), Dkt. No. 43, at 6. For all of these reasons, the Court concludes that the burden to Defendants will ultimately be minor.

The fifth factor – the interests of the Court – weighs in favor of the partial stay. As other courts have noted, a civil case is "likely to benefit to some extent from the Criminal Case no matter its outcome." *SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus.*, No. 11-cv-6500 (RA), 2012 WL 5505738, at *4 (S.D.N.Y. Nov. 9, 2012); *accord Block* Order at 9. By staying the civil action, the Court can "avoid a duplication of efforts and a waste of judicial time and resources." *SEC v. Shkreli*, No. 15-cv-7175 (KAM), 2016 WL 1122029, at *6 (E.D.N.Y. Mar. 22, 2016) (citation omitted). The Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this

case. *See id.*; *see also SEC v. Contorinis*, No. 09-cv-1043 (RJS), 2012 WL 512626, at *3 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."). As a result, the Court's interest in "efficient use of judicial resources," *Shkreli*, 2016 WL 1122029, at *6 (citation omitted), is best served by granting the Government's motion for a partial stay.

Finally, the sixth factor – the public interest – counsels strongly in favor of granting the Government's motion for a stay and outweighs any burden the Defendants will face as a result of granting the motion. The public has an "overriding interest in the integrity of criminal proceedings," which includes ensuring "the integrity and security of [Government] witnesses." *Archer*, 2016 WL 4371303, at *2. Likewise, it is in the public interest "to prevent circumvention of the limitations on discovery in . . . criminal proceedings." *Treadway*, 2005 WL 713826, at *4. The discovery limitations in criminal proceedings include a prohibition on discovering statements of Government witnesses "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The public's interest in preserving the integrity of criminal proceedings can be undermined in three major ways when discovery proceeds in parallel civil and criminal litigation:

> First, "broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence." Second, "revelation of the identity of prospective witnesses may create the opportunity for intimidation." Third, "criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self[-]incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants."

*Tuzman* Order at 3-4 (alteration in original) (citations omitted) (quoting *SEC v. Cioffi*, No. 08-cv-2457 (FB), 2008 WL 4693320, at *2 (E.D.N.Y. Oct. 23, 2008)). In short, allowing the Defendants to receive the SEC's investigation file prior to the criminal trial would potentially

7

grant the Defendants access to information not normally discoverable in criminal cases under 18 U.S.C. § 3500 with which they could tailor their defenses at trial and raises the possibility that a Defendant may seek to intimidate Government witnesses.

The Defendants contest the possibility of witness intimidation, arguing that the Government has provided no particular reason to believe that *these* Defendants are likely to engage in witness intimidation in *this* case. Opp. at 8-9. While the Court agrees that the Government has provided no specific allegations or evidence that the Defendants are unusually likely to intimidate witnesses, such a showing is not necessary to conclude that the public's interest in witness security and integrity favors a stay. In *Block*, for example, the court concluded that generic concerns weighed in favor of a stay despite noting that "these concerns are without specific evidence in the disputes before me." *Block* Order at 10; *see also Treadway*, 2005 WL 713826, at *4 (finding it sufficient in granting a stay that a defendant "could certainly" gain a discovery advantage but without specific evidence that the defendant was likely to do so). There is no doubt that the public's interest in granting a stay is even greater where there is specific reason to believe that a defendant intends to undermine the integrity of the criminal trial. However, even where no such evidence is present, "the strong public interest in vindication of the criminal law," *Shkreli*, 2016 WL 1122029, at *7, weighs heavily in favor of granting a stay to assure the integrity of the criminal proceedings.

As a result, the Court concludes that the Government's motion for a partial stay of discovery in this case pending resolution of the Criminal Case should be granted.

### III. Conclusion

For the reasons stated above, the Government's motion is granted. The Government is permitted to intervene in the above-captioned case pursuant to Federal Rule of Civil Procedure

24. Moreover, the following discovery in this case is stayed until the conclusion of *United States v. Blaszczak et al.*, No. 17-cr-0357:

1. All depositions, interrogatories, and requests for admission;

2. Production of transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government certifies may be called as a witness in the criminal action; and

3. Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).

This resolves Docket Number 31.

SO ORDERED.

Dated: January 3, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge